1  Jahan C. Sagafi (Cal. State Bar No. 224887)
   jsagafi@outtengolden.com
2  Katrina L. Eiland (Cal. State Bar No. 275701)
   keiland@outtengolden.com
3  OUTTEN & GOLDEN LLP
   One Embarcadero Center, 38th Floor
4  San Francisco, California 94111
5  Telephone:     (415) 638-8800
   Facsimile:     (415) 638-8810
6
7  Juno Turner (*pro hac vice motion forthcoming*)
   jturner@outtengolden.com
8  OUTTEN & GOLDEN LLP
   685 Third Avenue, 25th Floor
9  New York, NY 10017
   Telephone:     (212) 245-1000
10 Facsimile:     (646) 509-2060
11
   *Attorneys for Plaintiff and Proposed Class*
12 *Members*
13
14                      UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
15
   WILLIAM WALSH, on behalf of himself and        **Case No.**
16 all those similarly situated,
17           Plaintiff,
                                                  **CLASS ACTION AND COLLECTIVE**
18        v.                                      **ACTION COMPLAINT**
19 COREPOWER YOGA, LLC,                           **Jury Trial Demanded**
20           Defendant.
21
22
23
24
25
26
27
28

                      CLASS ACTION AND COLLECTIVE COMPLAINT

1   Plaintiff William Walsh ("Plaintiff" or "Walsh"), on behalf of himself and all those

2 similarly situated, alleges as follows:

3   **INTRODUCTION**

4   1.   Plaintiff brings this action on behalf of himself and those similarly situated

5 participants in the "Yoga for Trade" ("YFT") program at Defendant CorePower Yoga, LLC

6 ("CPY" or "Defendant") who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. §§ 201

7 *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), to remedy CPY's

8 violations of the FLSA that have deprived Plaintiff and others similarly situated of their lawfully

9 earned wages.

10   2.   Plaintiff also brings this action on behalf of other similarly situated

11 participants in the YFT program and the "Studio Experience Team" ("SET") program who worked

12 for CPY in California pursuant to Federal Rule of Civil Procedure 23, to remedy violations of

13 California Labor Code §§ 201-203, 450, 1174, 1174.5, 1194, 1194.2, 1197.1, and the California

14 Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and as a representative action

15 under California Labor Code §§ 2698-2699.5.

16   **JURISDICTION AND VENUE**

17   3.   This Court has federal question jurisdiction over this action pursuant to 28

18 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

19   4.   This Court also has original jurisdiction over this action under the Class

20 Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100

21 or more members in the proposed class; (2) at least some members of the proposed class have a

22 different citizenship from Defendant; and (3) the claims of the proposed class members exceed

23 $5,000,000 in the aggregate.

24   5.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

25 Plaintiff's state law claims because they form part of the same case or controversy under Article

26 III of the United States Constitution.

27   6.   The United States District Court for Northern District of California has

28 personal jurisdiction over Defendant because it does business in California and in this District  and

CLASS ACTION AND COLLECTIVE COMPLAINT

1   because many of the acts complained of and giving rise to the claims alleged occurred in

2   California and in this District.

3          7.    This Court is empowered to issue a declaratory judgment pursuant to 28

4   U.S.C. §§ 2201 and 2202.

5          8.    Venue is proper in either the San Francisco or Oakland Divisions of this

6   District pursuant to 28 U.S.C. § 1391(b)(2) and Civil L.R. 3-2(d) because a substantial part of the

7   events giving rise to the claims occurred in this District in Alameda County.

8   **PARTIES**

9          9.    **Plaintiff** resides in Oakland, California.  Plaintiff performed cleaning and

10  other project-based work for CPY in exchange for membership in a Berkeley, California studio

11  from approximately October 2011 to November 2015.  Plaintiff is a covered employee within the

12  meaning of the FLSA and the California Labor Code.

13        10.    Plaintiff has consented to sue for violations of the FLSA, pursuant to 29

14  U.S.C. § 216(b).  A written consent to join form for Walsh is attached hereto as Exhibit A.

15        11.    **Defendant** is a limited liability corporation with corporate headquarters at

16  3001 Brighton Blvd., Suite 269, Denver, Colorado 80216.  CPY has several studios in the San

17  Francisco Bay Area, including the studio where Plaintiff worked, located at 811 University

18  Avenue, Suite 202, in Berkeley, California; CPY also has studios in several other states and the

19  District of Columbia.  CPY is a covered employer within the meaning of the FLSA and the

20  California Labor Code.

21        12.    Throughout the relevant period, CPY set policies that applied to Plaintiff

22  and other similarly situated workers who were not paid appropriately for the time they spent

23  cleaning CPY's studios.

24  **FACTUAL BACKGROUND**

25        13.    Defendant is a for-profit company with at least thirty-one yoga studio

26  locations in California and numerous additional locations in eighteen other states and in the

27  District of Columbia.  CPY studios offer classes throughout the day, from early in the morning

28  until late in the evening.

14.     CPY operated a "Yoga for Trade" (i.e., YFT) program until approximately 2015 at various yoga studios around the country.

15.     Through the YFT program, CPY studio managers scheduled yoga students for shifts during which they cleaned and performed other project-based work at the studio each week in exchange for free membership at the studio.

16.     The students (referred to herein as "Cleaners") were not paid any wages for their work.

17.     CPY required each Cleaner to work a designated shift or shifts each week in order to receive free membership.

18.     Each studio used Cleaners in shifts throughout the day.

19.     Plaintiff worked as a YFT Cleaner at CPY in Berkeley, California from approximately October 2011 until CPY modified the YFT program in about 2014.

20.      Beginning in late 2013, CPY started to phase out the YFT program and, instead, began to refer to Cleaners as the "Studio Experience Team" or "SET."

21.     Once it began the SET system, CPY continued to schedule Cleaners for regular weekly shifts, but began to pay them an hourly wage for their work.

22.     Instead of receiving a free membership, however, the SET Cleaners were required to apply a large portion of their wages towards the purchase of a discounted membership at CPY.

23.     The purchase of the CPY membership effectively reduced Plaintiff's and other SET workers' hourly pay below the applicable minimum wage.

24.     Plaintiff continued to work for CPY as a SET Cleaner in Berkeley, California, until his employment ended in November 2015.

**COLLECTIVE ACTION ALLEGATIONS**

25.     Plaintiff brings the First Claim for Relief, a FLSA claim, on behalf of himself and all persons who worked as Cleaners at CPY through the YFT program and who were not paid the minimum wage for all hours worked between May 19, 2013 and the date CPY ceased

CLASS ACTION AND COLLECTIVE COMPLAINT

1  the YFT program at the relevant studios, and who elect to join the action (the "Yoga for Trade

2  Collective").

3      26.    Defendant is liable under the FLSA for, inter alia, failing to properly

4  compensate Plaintiff and the members of the Yoga for Trade Collective.  Upon information and

5  belief, the Yoga for Trade Collective consists of many similarly situated individuals who have not

6  been paid by Defendant in violation of the FLSA and who would benefit from the issuance of a

7  court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly

8  situated collective members are known to Defendant, are readily identifiable, and can be located

9  through Defendant's records.  Notice should be sent to the members of the Yoga for Trade

10 Collective pursuant to 29 U.S.C. § 216(b).

11                    **CALIFORNIA YFT CLASS ACTION ALLEGATIONS**

12      27.    Plaintiff brings the Second, Third, Fourth, and Fifth Claims for Relief on

13 behalf of himself and all persons who worked as unpaid YFT Cleaners at CPY in California at any

14 point(s) in time between May 19, 2012 and the date CPY ceased the YFT program at the relevant

15 studio(s) (the "California Yoga for Trade Class").

16      28.    Excluded from the California Yoga for Trade Class are Defendant,

17 Defendant's legal representatives, officers, directors, assigns, and successors, or any individual

18 who has, or who at any time during the class period has had, a controlling interest in Defendant;

19 the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and

20 all persons who will submit timely and otherwise proper requests for exclusion from the California

21 Yoga for Trade Class.

22      29.    The members of the California Yoga for Trade Class are so numerous that

23 joinder of all members is impracticable.

24      30.    Upon information and belief, the size of the California Yoga for Trade Class

25 is more than 100 individuals.

26      31.    Defendant has acted or has refused to act on grounds generally applicable to

27 the California Yoga for Trade Class, thereby making appropriate final injunctive relief or

28 corresponding declaratory relief with respect to the class as a whole.

CLASS ACTION AND COLLECTIVE COMPLAINT

32.     Common questions of law and fact exist as to the California Yoga for Trade Class and predominate over any questions affecting only individual members of the California Yoga for Trade Class, and include, but are not limited to, the following:

a) Whether Defendant has or had a policy or practice of failing to pay Plaintiff and the members of the California Yoga for Trade Class the minimum wage for all hours worked in violation of California Labor Code §§ 1194, 1197, and 1197.1;

b) Whether Defendant failed to pay Plaintiff and the members of the California Yoga for Trade Class all wages due as required under California Labor Code §§ 201-203, 256;

c) Whether Defendant failed to provide appropriate wage statements to Plaintiff and the members of the California Yoga for Trade Class as required under California Labor Code §§ 226, 226.3, 1174, & 1174.5;

d) Whether Defendant's conduct, as alleged herein, constituted an unfair business act or practice in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

e) Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

f) The nature and extent of class-wide injury and the measure of damages for those injuries.

33.     Plaintiff's claims are typical of the claims of the California Yoga for Trade Class he seeks to represent.

34.     Plaintiff and all members of the California Yoga for Trade Class were subject to the same or similar compensation policies and practices of Defendant. Plaintiff and the Yoga for Trade Class have all sustained similar types of damages as a result of Defendant's failure to comply with the California Labor Code.

35.     Plaintiff will fairly and adequately represent and protect the interests of the California Yoga for Trade Class. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Yoga for Trade Class members to represent their interests fairly and adequately. Plaintiff recognizes that as the class representative, he must represent and consider the interests of the California Yoga for Trade Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Yoga for Trade Class. Plaintiff recognizes that any resolution of a class action

6

CLASS ACTION AND COLLECTIVE COMPLAINT

lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Yoga for Trade Class.  Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

36.     Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

37.     There is no conflict between Plaintiff and members of the California Yoga for Trade Class.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the California Yoga for Trade Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the California Labor Code.  Although the relative damages suffered by individual California Yoga for Trade Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

39.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**CALIFORNIA SET CLASS ACTION ALLEGATIONS**

40.     Plaintiff Walsh brings the Second, Third, and Fifth, Claims for Relief on behalf of himself and all persons who worked in the SET program at CPY in California between the date CPY initiated the SET program at the relevant studios and the date of final judgment in this action (the "California Studio Experience Class").

CLASS ACTION AND COLLECTIVE COMPLAINT

41.     Excluded from the California Studio Experience Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Studio Experience Class.

42.     The members of the California Studio Experience Class are so numerous that joinder of all members is impracticable.

43.     Upon information and belief, the size of the California Studio Experience Class is more than 100 individuals.

44.     Defendant has acted or has refused to act on grounds generally applicable to the California Studio Experience Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45.     Common questions of law and fact exist as to the California Studio Experience Class and predominate over any questions affecting only individual members of the California Studio Experience Class, and include, but are not limited to, the following:

a)   Whether Defendant has or had a policy or practice of failing to pay Plaintiff and the members of the California Studio Experience Class the minimum wage for all hours worked in violation of California Labor Code §§ 1194, 1197, and 1197.1;

b)   Whether Defendant failed to pay Plaintiff and the members of the California Studio Experience Class all wages due as required under California Labor Code §§ 201-203, 256;

c)   Whether Defendant coerced Plaintiff and the members of the California Studio Experience Class to purchase CPY memberships in violation of California Labor Code § 450;

d)   Whether Defendant's conduct, as alleged herein, constituted an unfair business act or practice in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

e)   Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

f)   The nature and extent of class-wide injury and the measure of damages for those injuries

CLASS ACTION AND COLLECTIVE COMPLAINT

46.     Plaintiff's claims are typical of the claims of the California Studio Experience Class he seeks to represent.

47.     Plaintiff and all members of the California Studio Experience Class were subject to the same or similar compensation policies and practices of Defendant.  Plaintiff and the California Studio Experience Class have all sustained similar types of damages as a result of Defendant's failure to comply with the California Labor Code.

48.     Plaintiff will fairly and adequately represent and protect the interests of the California Studio Experience Class.  Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Studio Experience Class members to represent their interests fairly and adequately.  Plaintiff recognizes that as the class representative, he must represent and consider the interests of the California Studio Experience Class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Studio Experience Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Studio Experience Class.  Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

49.     Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

50.     There is no conflict between Plaintiff and members of the California Studio Experience Class.

51.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the California Studio Experience Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the California Labor Code.  Although the relative damages suffered by individual California Studio Experience Class

CLASS ACTION AND COLLECTIVE COMPLAINT

1   members are not de minimis, such damages are small compared to the expense and burden of
2   individual prosecution of this litigation.   Individual plaintiffs lack the financial resources to
3   conduct a thorough examination of Defendant's compensation practices and to prosecute
4   vigorously a lawsuit against Defendant to recover damages stemming from such practices.   In
5   addition, class litigation is superior because it will prevent unduly duplicative litigation that might
6   result in inconsistent judgments about Defendant's practices.

7        52.     This action is properly maintainable as a class action under Federal Rule of
8   Civil Procedure 23(b)(3).

9                           **CLASS-WIDE FACTUAL ALLEGATIONS**

10       53.     Plaintiff and the members of the California Yoga for Trade and Studio
11  Experience Classes and Yoga for Trade Collective defined above (collectively, "Cleaner Class
12  Members") have been victims of a common policy and plan perpetrated by Defendant that has
13  violated their rights under the FLSA and/or the California Labor Code by denying them minimum
14  wage.

15       54.     At all times relevant, Defendant's unlawful conduct, policies, and patterns
16  or practices described in this Class Action Complaint have been willful.

17       55.     As part of its ongoing business practice, Defendant has intentionally,
18  willfully, and repeatedly harmed Plaintiff and the Cleaner Class Members by engaging in a
19  pattern, practice, and/or policy of violating the FLSA and/or the California Labor Code as
20  described in this Class Action Complaint.

21       56.     Defendant has failed to pay minimum wages for all hours worked to
22  Plaintiff and the Cleaner Class Members.

23       57.     Defendant failed to keep accurate or adequate records of hours worked by
24  Plaintiff and the Cleaner Class Members as required by the FLSA and the California Labor Code.

25       58.     Upon information and belief, Defendant's unlawful conduct described in
26  this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing
27  labor costs by denying Plaintiff and the Cleaner Class Members compensation in violation of the
28  FLSA and the California Labor Code.

CLASS ACTION AND COLLECTIVE COMPLAINT

59.     Defendant's unlawful conduct has been widespread, repeated, and consistent.  Defendant's policies and practices as described herein are ongoing.

60.     Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Cleaner Class Members.

### PLAINTIFF'S FACTUAL ALLEGATIONS

61.     Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff individually as follows:

62.     Plaintiff worked as a YFT Cleaner for a CPY studio in Berkeley, California from approximately October 2011 until the end of 2013.  Plaintiff worked shifts of approximately three hours once a week, cleaning studio facilities, repairing studio equipment, and doing other assigned projects.

63.     CPY required Plaintiff to work his assigned shifts or to find a replacement for any shifts he had to miss.

64.     CPY offered Plaintiff a studio membership in exchange for his work as a YFT Cleaner but did not pay him any wages.

65.     In approximately late 2013 or early 2014, CPY informed Walsh and the other YFT Cleaners at his studio that it was changing the YFT program.

66.     CPY personnel explained it would begin to pay Cleaners an hourly wage for their work, but that CPY would require them to purchase the CPY membership they previously received for free, albeit at a discounted rate, as part of a new SET program.

67.     Plaintiff understood that the purchase of the CPY membership and his participation in the SET were a "package deal."

68.     Plaintiff is not aware of any SET employees who did not purchase the CPY membership.

69.     Plaintiff continued to work for CPY as a member of the SET program from approximately the beginning of 2014 until November 2015.

CLASS ACTION AND COLLECTIVE COMPLAINT

70.     As a Cleaner in the SET, Plaintiff worked a one-and-a-half-hour shift each week and was paid approximately $9.00 per hour.

71.     CPY direct-deposited Plaintiff Walsh's wages into his bank account.

72.     CPY automatically deducted the cost of the CPY membership from his bank account, based on a written pre-authorization for the deduction.

73.     The minimum wage in California was $9.00 per hour during the time Plaintiff Walsh worked as a member of the SET program.

74.     As a result of his payment for the CPY membership, which left Plaintiff Walsh with little to nothing remaining from his wages, he did not earn at least the minimum wage for his work as a Cleaner in the SET program.

## FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act – Minimum Wage Violation
### (Brought on behalf of Plaintiff and the Yoga for Trade Collective)

75.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

76.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

77.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the Yoga for Trade Collective.

78.     At all relevant times, Defendant has been engaged in commerce and/or in the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or has been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

79.     At all relevant times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(g).

80.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiff and the Yoga for Trade Collective the applicable minimum wage for all hours it suffered or permitted them to work.

81.     As a result of these minimum wage violations, Plaintiff and the members of the Yoga for Trade Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

82.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Yoga for Trade Collective.

83.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84.     Members of the Yoga for Trade Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**Cal. Labor Code §§ 1194, 1194.2, 1197, 1197.1 – Minimum Wage**
**(Brought on behalf of Plaintiff and the California Yoga for Trade and Studio Experience Classes)**

85.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

86.     Defendant has engaged in a widespread pattern, policy, and practice of violating the California Labor Code, Cal. Labor Code §§ 1194, 1194.2, 1197, and 1197.1, as detailed in this Class Action Complaint.

87.     Defendant's conduct as alleged has injured Plaintiff and the members of the California Yoga for Trade and Studio Experience Classes by wrongfully denying them earned minimum wages.

CLASS ACTION AND COLLECTIVE COMPLAINT

88.     Plaintiff and the members of the California Yoga for Trade and Studio Experience Classes are entitled to be paid minimum wages for all hours worked.

89.     Plaintiff, on his own behalf and on behalf of the California Yoga for Trade and Studio Experience Classes, seeks recovery of unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees and costs of this action.

**THIRD CLAIM FOR RELIEF**
**Cal. Labor Code §§ 201, 202, & 203 -- Wage Payment Provisions**
**(Brought on behalf of Plaintiff and the California Yoga for Trade and Studio Experience Classes)**

90.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

91.     California Labor Code §§ 201 and 202 require Defendant to pay all wages due within the time specified by law.

92.     California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

93.     Plaintiff and the members of the California Yoga for Trade and Studio Experience Classes are entitled to unpaid compensation, but to date have not received such compensation.

94.     As set forth in this Class Action Complaint, Defendant's failure to pay Plaintiff and the members of the California Yoga for Trade and Studio Experience Classes has been willful and intended to reduce labor costs.

95.     More than thirty days have passed since Plaintiff and certain members of the California Yoga for Trade and Studio Experience Classes stopped working for CPY.

96.     As a consequence of Defendant's failure to pay Plaintiff and the members of the California Yoga for Trade and Studio Experience Classes wages as required by §§ 201-203, Plaintiff and the members of  the California Yoga for Trade and Studio Experience Classes are entitled to thirty days' wages under § 203, together with interest thereon and attorneys' fees and costs.

14

**FOURTH CLAIM FOR RELIEF**
**Cal. Labor Code §§ 226, 1174, & 1174.5 -- California Record-Keeping Provisions**
**(Brought on behalf of Plaintiff and the California Yoga for Trade Class)**

97.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

98.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiff and the California Yoga for Trade Class in accordance with California Labor Code § 226(a) and Wage Orders published by California's Industrial Welfare Commission.

99.     Such failure caused injury to Plaintiff and the California Yoga for Trade and Class, by, among other things, impeding them from knowing the amount of wages to which they were entitled.

100.    At all times relevant, Defendant has failed to maintain records of hours worked by Plaintiff and the California Yoga for Trade Class as required under Labor Code § 1174(d).

101.    Plaintiff and the California Yoga for Trade Class are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seeks the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
**Cal. Bus. & Prof. Code §§ 17200 *et seq*. -- California Unfair Competition Law**
**(Brought on behalf of Plaintiff and the California Yoga for Trade and Studio Experience Classes)**

102.    Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

103.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

CLASS ACTION AND COLLECTIVE COMPLAINT

104.    Beginning at a date unknown to Plaintiff, but at least as long ago as four years ago, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.

105.    Defendant's conduct as herein alleged has injured Plaintiff and the California Yoga for Trade and Studio Experience Classes by wrongfully denying them earned wages, and therefore was unethical, unscrupulous, and substantially injurious to them.

106.    Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws.   Each of these violations constitutes an independent and separate violation of the UCL:

a)  The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

b)  California Labor Code § 1194, 1194.2, 1197.1;

c)  California Labor Code §§ 201, 202, 203, 226;

d)  California Labor Code §§ 1174, 1174.5; and

e)  California Labor Code § 450.

107.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

108.    The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the California Yoga for Trade and Studio Experience Classes in that they were wrongfully denied the payment of earned wages.

109.    Plaintiff and the California Yoga for Trade and Studio Experience Classes seek restitution in the amount of the unpaid wages earned and other statutory remedies, including, but not limited to attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

CLASS ACTION AND COLLECTIVE COMPLAINT

**SIXTH CLAIM FOR RELIEF**
**Cal. Labor Code §§ 2698-2699.5 – PAGA Claims for Civil Penalties**
**(Brought on behalf of Plaintiff and Other Aggrieved Employees)**

110.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

111.     Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved person can bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and Industrial Welfare Commission Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved person, pursuant to Cal. Labor Code § 2699.

112.     Pursuant to Cal. Labor Code § 2699, Defendant's failure to pay minimum wages to Plaintiff and other aggrieved employees, failure to keep and furnish them with records of hours worked, failure to pay them all wages due immediately upon discharge and within the time required by law, and forcing them to purchase CPY memberships are unlawful and constitute violations of the California Labor Code, each actionable under PAGA.

113.     Plaintiff alleges, on behalf of himself and other aggrieved employees, as well as the general public, that Defendant has violated the following provisions of the California Labor Code that are actionable through the California Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 201-203, 226, 450, 1174, 1174.5, 1194, 1194.2, and 1197.1. Each of these violations entitles the Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all those aggrieved, and on behalf of the general public.

114.     Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as

CLASS ACTION AND COLLECTIVE COMPLAINT

an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

115.    Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

116.    Plaintiff is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Further, the Plaintiff is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

117.    On September 21, 2016, Plaintiff provided written notice by the LWDA website to the California Labor & Workforce Development Agency ("LWDA"), and to Defendant via certified mail of the legal claims and theories of this case.

118.    Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Orders that are alleged in this Class Action Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and on behalf of all other similarly situated persons, seek the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Yoga for Trade Collective, as defined above.  Such notice shall inform them that this civil action has been filed, of

18

1  the nature of the action, and of their right to join this lawsuit if they believe they were denied

2  proper wages;

3          B.      Unpaid minimum wages and an additional and an equal amount as

4  liquidated damages pursuant to the FLSA and the supporting United States Department of Labor

5  regulations;

6          C.      Unpaid minimum wages, statutory and civil penalties, and liquidated

7  damages under California Labor Code §§ 201-203, 226, 450, 1174, 1174.5, 1194, 1194.2, 1197.1,

8  2698-2699.5, and California Unfair Competition Law §§ 17200 *et seq*., as applicable, for Plaintiff

9  and the California Yoga for Trade and Studio Experience Classes.

10          D.      Certification of the California Yoga for Trade and Studio Experience

11  Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

12          E.      Designation of Plaintiff as class representative of the California Yoga for

13  Trade and Studio Experience Classes and designation of counsel of record as Class Counsel;

14          F.      Pre-judgment interest and post-judgment interest;

15          G.      Reasonable attorneys' fees and costs of the action;

16          H.      A reasonable incentive award for Plaintiff to compensate him for the time

17  he spent attempting to recover wages for the Cleaner Classes and for the risks he took in doing so;

18  and

19          I.      Such other relief as this Court shall deem just and proper.

20  **DEMAND FOR JURY TRIAL**

21  Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

22  which he has a right to jury trial.

23

24

25

26

27

28

CLASS ACTION AND COLLECTIVE COMPLAINT

Dated: October 3, 2016

Respectfully submitted,

By: */s/ Jahan C. Sagafi*
     Jahan C. Sagafi

Jahan C. Sagafi (Cal. State Bar No. 224887)
Katrina L. Eiland (Cal. State Bar No. 275701)
jsagafi@outtengolden.com
keiland@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Juno Turner (*pro hac vice motion forthcoming*)
jturner@outtengolden.com
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060

*Attorneys for Plaintiff and Proposed Class Members*

CLASS ACTION AND COLLECTIVE COMPLAINT